UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:19-CV-12110-RWZ

TINA COSTA

v.

ANDREW M. SAUL,
Commissioner of the Social Security Administration

<u>MEMORANDUM & ORDER</u>

September 15, 2022

ZOBEL, S.D.J.

Tina Costa ("Plaintiff") filed an application for supplemental security income ("SSI") on March 23, 2018, alleging a disability onset date of January 1, 2011. R. 283.[1] She has not been employed since that date, but previously worked as a mail clerk from 2007 to 2009 (R. 292-95). Her application for SSI was denied in May 2018 (R. 192) and again upon reconsideration in August 2018 (R. 203). Administrative Law Judge ("ALJ") William Ross held a hearing in February 2019 after which he found Plaintiff was not disabled and could perform past relevant work as a mail clerk or other jobs in the national economy. R. 7-21. The Appeals Council denied Plaintiff's request for review of the ALJ decision, which then became the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), subject to judicial review. R. 1-3. Plaintiff moves to reverse the Commissioner's decision on the grounds that the ALJ erred in (1) finding unpersuasive Plaintiff's treating source opinion; (2) assessing Plaintiff's mental limitations; and (3) finding that she did not meet or equal the

---

[1] "R." refers to the administrative record, filed in this matter at Docket # 10.

1

regulatory listing impairment.  Docket # 16.  Defendant simultaneously moves for an order affirming his decision.  Docket # 17.  Plaintiff's motion to reverse is denied and Defendant's motion to affirm is allowed.

I.  **Standard of Review**

The Commissioner's final decision, upholding the ALJ's findings of fact, is conclusive if based on the correct legal standard and supported by substantial evidence.  42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  So long as the Commissioner's determinations are "supported by substantial evidence," they must be affirmed, "even if the record arguably could justify a different conclusion."  Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).  Further, resolving credibility issues "and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]."  Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)).  Questions of law are reviewed *de novo*.  Seavey, 276 F.3d at 9.

II.  **Discussion**

A.  **Treating Source Opinion**

Plaintiff argues that the ALJ erred in finding unpersuasive the opinion of nurse practitioner Amy Kassierer.  When an ALJ "does not credit the treating [source]'s opinion, he must apply the following factors in determining the import of the opinion: (1)

knowledge of the claimant's impairments based on length, nature, and extent of treatment; (2) evidence supporting the opinion; (3) whether the opinion is consistent with other evidence in the record; and/or (4) whether the opinion pertains to medical issues in the physician's specialty." Phillips v. Barnhart, No. CIV.A. 02-11115-RWZ, 2003 WL 21877761, at *1 (D. Mass. Aug. 8, 2003); 20 C.F.R. § 404.1527(d)(2)(i), (d)(3), (d)(4), and (d)(5)). "The most important factors to be considered when the Commissioner evaluates persuasiveness are supportability and consistency; these are usually the only factors the ALJ is required to articulate." Harrison v. Saul, No. 20-cv-10295-LTS, 2021 WL 1153028, at *5 (D. Mass. Mar. 26, 2021).

The ALJ recognized Ms. Kassierer as an acceptable medical source, but found her opinion not persuasive because (1) she treated Plaintiff for a limited time;[2] (2) her opinion lacked evidentiary support, "giving very little explanation at all/not citing supporting findings"; (3) it contained internal inconsistencies between mental function and the global assessment functioning score; and (4) it was inconsistent with the medical evidence as a whole that showed "normal objective findings aside from varying moods." R. 17-18. Substantial evidence supports the ALJ's finding.

**B.    Residual Functioning Capacity**

Next, Plaintiff argues that the ALJ erred in his assessment of her mental limitations. The ALJ determined that she had the residual functioning capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations":

> [S]he can understand, remember, and carry out simple instructions. She can occasionally interact with supervisors and coworkers, in that she can

---

[2] At the time of the February 19, 2019 hearing, Ms. Kassierer had treated Plaintiff for just under 10 months.  R. 169, 559.

3

>work in their presence and engage in appropriate occasional social interactions, but cannot work in the context of a work team where work-related interactions are constant and/or physically close. She can interact with the public on an occasional basis, provided interaction requires no more than exchange of non-personal work-related information or handoff of products or materials. She can perform simple, routine, repetitive tasks over an 8-hour workday within a normal break schedule. The claimant cannot perform time-pressured tasks such that the individual is limited to goal-oriented work, not time sensitive strict production quotas. She can make simple work-related decisions and tolerate simple routine changes in a work setting.

R. 15-16. In making this finding, the ALJ considered all of Plaintiff's self-reported symptoms and the medical evidence. Her self-reported symptoms included decreased motivation to perform personal care and daily tasks, sleep disturbance, difficulty leaving her house, decreased memory and concentration, difficulty completing tasks, difficulty handling stress, decreased motivation and difficulty getting out of bed, anxiety in crowds, isolation, panic attacks, and decreased memory and attention. R. 16. The medical evidence demonstrated that from December 2017 to December 2018, Plaintiff was depressed and had trouble focusing, but nonetheless she had adequate eye contact, normal speech, intact memory, adequate attention and concentration, good insight and judgment, and lacked psychosis. R. 17. The ALJ concluded while the medical evidence showed diagnoses of and treatment for depressions, anxiety, attention deficit disorder, and PTSD, "[Ms. Costa]'s statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 16-17. Substantial evidence supports the ALJ's finding that Plaintiff could perform a range of work despite these mental impairments.

### C. Listing of Impairments

Finally, Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet or equal listing 12.04. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04. "To prove that her impairment matches a listing, a plaintiff 'must meet *all* of the specified medical criteria.'" Maclean v. Saul, No. CV 20-10519-NMG, 2021 WL 7451167, at *5 (D. Mass. Apr. 27, 2021) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

ALJ Ross found that Plaintiff did not have at least one extreme or two marked limitations in the paragraph B criteria of "understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves." R. 13. Instead, he found that Plaintiff had a moderate limitation in each category. R. 13-15. He concluded that the evidence did not support the presence of paragraph C criteria of minimal capacity to adapt to changes in environment or to demands that are not already part of her daily life. R. 15. Substantial evidence supports the ALJ's determination.

## III. Conclusion

Plaintiff's Motion for to Reverse (Docket # 16) is DENIED and Defendant's Motion to Affirm (Docket # 17) is ALLOWED.


September 15, 2022                    /s/ Rya W. Zobel
        DATE                              RYA W. ZOBEL
                                SENIOR UNITED STATES DISTRICT JUDGE